# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL HOUSTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:12-cv-0328-WTL-DML |
| | ) |
| C.G. SECURITY SERVICES, INC., | ) |
| | ) |
|    Defendant, | ) |
| | ) |
|    vs. | ) |
| | ) |
| HUME SMITH GEDDES GREEN & SIMMONS, LLP, | ) |
| | ) |
|    Intervenor Defendant. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) the Court designated United States Magistrate Judge Debra McVicker Lynch to issue a report and recommendation regarding the appropriate disposition of the Plaintiff's motions for sanctions (dkt. nos. 169, 197, and 206). Magistrate Judge Lynch entered her Report and Recommendation on March 12, 2014, in which she recommended that sanctions be imposed "against CG and in favor of plaintiff Houston requiring CG to pay Houston reasonable attorneys' fees for the work of her counsel in the conduct of discovery since CG became a party to this litigation, including fees incurred in presenting her motions for sanctions." Dkt. No. 224 at 1.

Before the Court is C.G. Security's objection to the magistrate judge's Report and Recommendation filed pursuant to Federal Rule of Civil Procedure 72 (dkt. no. 237). Ms. Houston has also filed a response (dkt. no. 239) asking this Court to adopt the Report and

Recommendation. Having considered C.G. Security's objection and conducted the *de novo* review required by Rule 72(b)(3), the Court now rules as follows.

As is clear from the Report and Recommendation, much of the discovery dispute in this case involved Ms. Houston's numerous attempts to obtain accurate information regarding who actually worked for C.G. Security as security guards on the night in question. Specifically, Ms. Houston desired their names and contact information, where they worked (i.e., their location during the New Year's Eve party), the hours they worked, and their qualifications. Her quest began in early 2013, when she served interrogatories and requests for document production on C.G. Security; unfortunately, it took until late December 2013 for Ms. Houston to obtain the most accurate information.[1] In addition to this, the magistrate judge discussed two specific instances where C.G. Security provided false and/or evasive testimony, and noted the "unprofessional" conduct of C.G. Security's counsel during a deposition. C.G. Security's objection to the Report and Recommendation raises several, ultimately unconvincing, arguments. They are addressed below.

C.G. Security first argues that Ms. Houston insufficiently complied with "local rule or the Federal rule regarding meet and confer," alleging that Ms. Houston prematurely involved the Court in the discovery disputes without first attempting to resolve them with C.G. Security. C.G. Security does not specifically identify which Local Rule or Federal Rule of Civil Procedure it refers to, but it is correct that generally there is a requirement that before a party involves a Court in a discovery dispute and/or files a motion for sanctions, that party should attempt to resolve the

---

[1] As Magistrate Judge Lynch notes, "the aggregate documents and testimony still leave some doubt regarding the exact guards and their posts and hours." Dkt. No. 224 at 18.

conflict by meeting and conferring with opposing counsel.[2] The Court, however, does not agree with C.G. Security that Ms. Houston failed to comply with this requirement.

Magistrate Judge Lynch held a discovery conference on May 22, 2013, to address outstanding discovery issues; however, this conference was postponed so the parties could confer with each other: "Based on the breadth of the parties' discovery issues *and because they had not meaningfully conferred with each other about all of them*, the court directed the parties to attempt to reach agreement[.]" Dkt. No. 115 at 1 (emphasis added). Among Ms. Houston's discovery issues that were to be addressed at this conference was C.G. Security's failure to disclose the above-mentioned information regarding its security guards. At the very least, therefore, this indicates that Ms. Houston "met and conferred" with C.G. Security in late May 2013—prior to filing the motions for sanctions—in an attempt to resolve the discovery disputes. Moreover, as Ms. Houston notes, her motions for sanctions outline the steps she took to satisfy the meet and confer requirement. *See* dkt. no. 197 ¶ 42; dkt. no. 206 ¶ 2. The Court also notes that some of the complained of conduct, i.e., deposition behavior, is not necessarily a "discovery dispute" for which a meet and confer is warranted; since the distasteful behavior already occurred, it is unlikely that the issue would be resolved by meeting and conferring with opposing counsel.

---

[2] The Court surmises C.G. Security is referring to one or all of the following rules. Local Rule 7-1(g)(1) provides that the Court cannot grant a motion for sanctions unless "the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion[.]" Similarly, Local Rule 37-1(a) states, "[p]rior to involving the court in any discovery dispute . . . counsel must confer in a good faith attempt to resolve the dispute." Finally, Federal Rule of Civil Procedure 37(a) states that "[t]he motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Similarly, C.G. Security argues that it should not be sanctioned because it did not violate a court order. This is also not accurate. C.G. Security was ordered by Magistrate Judge Lynch on June 5, 2013, to provide Ms. Houston with the pertinent information she sought regarding the security guards:

> The plaintiff is entitled to determine which CG employees actually worked and when during the New Year's Eve Ball, and to be provided with their names, addresses, telephone numbers, and job titles. . . . CG must provide information described in this entry regarding its employees who worked the New Year's Eve Ball and the extent of its financial "dependence" on the Hyatt by June 14, 2013.

Dkt. No. 115 at 2-5. Ms. Houston was under no obligation to seek any additional court orders regarding this information. C.G. Security should have produced it in March when Ms. Houston first requested it; at the very least, it was to be produced in June *pursuant to a court order*. With regard to C.G. Security's other sanctionable conduct noted in her Report and Recommendation—providing false and evasive testimony at depositions. Mr. Guynn did not need to be under a court order to provide truthful and accurate information; this is an obligation one always has when providing testimony under oath. C.G. Security's attempts to shift the blame to Ms. Houston are unpersuasive.

Finally, C.G. Security attempts to downplay its actions, summarizing them as acts of "repeated supplement" rather than a complete failure to comply with certain discovery requests. In this vein, C.G. Security argues that it did better than most.[3] The Court simply notes the following, taken from the Report and Recommendation:

> [S]ince March, however, CG had purposefully provided information it either knew was incorrect or could not be confident was correct. And Mr. Guynn purposefully did not contact the guards he believed had worked on New Year's Eve even though they could have assisted him to provide complete and accurate

---

[3] It is unclear how C.G. Security came to this conclusion; this Court certainly hopes that the conduct C.G. Security displayed throughout the course of this litigation does not prove to be "better than many in the same situation."

information and were sources he should have contacted to prepare himself as a Rule 30(b)(6) witness.

. . .

From the beginning, Mr. Guynn certified that information was accurate when he had no good basis for doing so. It is probable that at his March 2013 deposition, Mr. Guynn recognized his own planning documents as just that—preliminary data that could not be relied upon as reflecting the actual security detail on New Year's Eve. Also extremely problematic is Mr. Guynn's having participated with Ms. Mosley in creating the April Sign-in Sheet in the midst of litigation but then presenting the document as a business document created for the New Year's Party. *These are not innocent, excusable failures. They are repeated and reflect either a design to misdirect and hamper Ms. Houston's search for truth or, at best, a reckless and objectively unreasonable disregard of discovery obligations.*

Dkt. No. 224 at 19 (emphasis added). The Court agrees with this assessment. It is inaccurate for C.G. Security to classify its conduct as "repeated supplement."

One other issue bears addressing. In her Report and Recommendation, Magistrate Judge Lynch addressed the behavior of C.G. Security's counsel during the deposition of Mr. Comes. The magistrate judge noted that counsel's "behavior was unprofessional and the record on its face suggests a purpose to frustrate Ms. Houston's examination of Mr. Comes." Dkt. No. 224 at 23. She did not, however, sanction counsel for his behavior. In its objection, C.G. Security argues that it "should not be sanctioned for the conduct of its counsel if their conduct is determined to be sanctionable." Dkt. No. 237 at 7. While the Court concurs with the Magistrate Judge's conclusion regarding counsel's distasteful actions during the deposition, the Court is sanctioning C.G. Security for its own discovery misconduct, not for any behaviors its counsel displayed at the deposition.[4]

Finally, C.G. Security argues that it is "not appropriate" that it may have to pay sanctions in an amount that "could well exceed the injury value in this case if there had been a finding of

---

[4] The Court notes that it has read the affidavit submitted by C.G. Security's counsel. *See* dkt. no. 232, Exhibit 1.

5

liability on CG." Dkt. No. 237 at 7. The Court disagrees. As Magistrate Judge Lynch aptly noted, "[t]he fact that CG has a meritorious defense to Ms. Houston's claims does not excuse discovery misconduct, of course. It indeed starkly demonstrates how particularly unwise it is to obstruct the discovery process." Dkt. No. 224 at 3. C.G. Security's actions in this case were inexcusable and reflect a serious lack of effort to meet its obligations to provide truthful and timely information.[5] A sanction of this magnitude is thus warranted.

The Court hereby overrules C.G. Security's objections and **ADOPTS** Magistrate Judge Lynch's recommendation. C.G. Security is hereby sanctioned as follows: CG Security is required to pay all of Ms. Houston's reasonable attorney's fees for the work of her counsel in the conduct of discovery since C.G. Security became a party to this litigation, including fees incurred in presenting her motions for sanctions. Ms. Houston's counsel is thus **ORDERED to file a petition for fees with corresponding support within fourteen days of this Entry**.

**This resolves all pending motions in this cause**. The Court will enter final judgment after the amount of sanctions is determined.

SO ORDERED: 9/16/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[5] It may be unfortunate, but it is irrelevant to this Court's ruling that C.G. Security has voluntarily dissolved.